UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

POWER THE FUTURE
611 Pennsylvania Avenue, SE
Suite No. 183
Washington, DC 20003

Plaintiff,

v.

NATIONAL ARCHIVES AND
RECORDS ADMINISTRATION
8601 Adelphi Road
College Park, MD 20740

Defendant.

Case No. 1:26-cv-3390

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff Power the Future ("PTF") brings this action against Defendant National Archives and Records Administration ("NARA"). PTF alleges as follows:

1. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. PTF seeks statutory relief requiring NARA to process two FOIA requests and produce all responsive, nonexempt agency records.

2. NARA received the first request on August 12, 2026 and the second on August 21, 2026. NARA has assigned neither request a tracking number. It has not made a determination on either request or produced any responsive records.

3. NARA's complete failure to make the determinations FOIA requires warrants a court-supervised processing and production schedule.

**PARTIES**

4. PTF is a nonprofit organization incorporated in Delaware. It informs the

public about energy and environmental policy and government activity bearing on those issues.

5. NARA is an independent establishment in the executive branch of the United States government, 44 U.S.C. § 2102, and is an agency within FOIA's meaning. 5 U.S.C. §§ 551(1), 552(f)(1). NARA possesses and controls records responsive to PTF's requests.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper because FOIA permits suit in the District of Columbia. § 552(a)(4)(B).

8. PTF has constructively exhausted its administrative remedies because NARA did not make timely determinations on the requests. § 552(a)(6)(C)(i); *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 190 (D.C. Cir. 2013) ("*CREW*").

## PLAINTIFF'S FOIA REQUESTS

9. On July 2, 2026, the FOIA Office of the White House Office of Science and Technology Policy ("OSTP") responded to a PTF request by stating that the responsive OSTP records "have been transferred to the National Archives and Records Administration" and directing PTF to seek them from NARA.

10. On August 12, 2026, PTF submitted by email and through the FOIA.gov portal a request for substantially the same materials that OSTP advised had been transferred to NARA, to wit: emails of Dr. Michael Kuperberg and Dr. Annarita Mariotti, sent or received on any OSTP or U.S. Global Change Research Program

("USGCRP") National Coordination Office account from January 20, 2021, through January 30, 2023, containing at least two of fifteen specified terms. FOIA.gov assigned the request Request ID 3093531 and Confirmation ID 3096946. NARA has never assigned it a tracking number.

11. On August 14, 2026, NARA's Special Access and FOIA Staff wrote that NARA had "accepted legal custody" of only two classified holdings of the Biden-era OSTP, Classified Work Folders TR-0359-2025-0027 and Classified Email TR-0359-2025-0028, and "has not yet accepted legal custody of any other OSTP records from the Biden Administration." NARA asked whether PTF wished the classified holdings searched and stated that it was tolling the request under 36 C.F.R. § 1250.26(d) pending PTF's answer.

12. On August 17, 2026, PTF answered in the affirmative, asked NARA to refer the request to the National Declassification Center as NARA had proposed, and asked NARA to confirm that tolling had ended. PTF also asked NARA to identify whether it had physical custody of any unclassified OSTP or USGCRP records for which OSTP retained legal custody and, if so, the facility, transfer or accession number, and responsible agency. NARA has not responded.

13. NARA's statement that it holds only two classified Biden-era OSTP holdings cannot be reconciled with OSTP's statements. In July 2026 OSTP told PTF that records of prior administrations "have been transferred to the National Archives and Records Administration" and must be requested from NARA. On September 24, 2026, responding to PTF's parallel request for the same Kuperberg and Mariotti email, OSTP stated: "The records for the Biden Administration were transferred to NARA on May 1, 2026. Thus, OSTP cannot submit a search for those

records." The same day, responding to PTF's parallel request for OSTP's transfer and custody records, OSTP stated that it "were unable to locate any responsive records" but "were able to determine that the records from the Biden Administration were transferred to NARA on May 1, 2026," and recommended "giving them sufficient time to ingest them into their system."

14. If OSTP is correct, NARA has held the Biden-era OSTP records since May 1, 2026, three and a half months before it told PTF on August 14 that it had "not yet accepted legal custody" of them, and NARA has not searched them. If NARA is correct, the records remain in OSTP's legal custody and OSTP has refused to search them. NARA's August 14 email did not identify which of these two scenarios is true. NARA has told PTF in a separate matter that it holds no non-email OSTP work files and that such records must be sought from "the originating agency," while OSTP tells PTF the opposite. PTF is pursuing its remedies against OSTP separately. The operational transfer and custody records PTF requested from NARA on August 21, 2026, described below, would resolve the question; NARA has ignored that request.

15. On August 21, 2026, PTF submitted by email to foia@nara.gov, NARA's designated address for requests for its own operational records, a second request. It sought the records by which NARA documented transfers and accessions from OSTP and the USGCRP National Coordination Office from January 1, 2016, forward, including Standard Forms 135 and 258, Electronic Records Archives transfer requests, inventories and finding aids, records showing the dates on which NARA received physical or accepted legal custody, communications between NARA and OSTP concerning transfers, the records consulted in preparing NARA's

August 10 and August 14, 2026 statements to PTF about its OSTP holdings, and records sufficient to identify the present custodian and location of specified Obama-era and Biden-era OSTP records.

16. NARA has not acknowledged the August 21 request, assigned it a tracking number, or responded to it in any way.

17. The requested records concern OSTP's and the USGCRP's treatment of the "representative concentration pathway" scenario known as RCP 8.5, since discredited and abandoned, as a business-as-usual or reference scenario in federal climate policy, and the whereabouts of the OSTP records that document it.

18. PTF seeks the records to inform the public about OSTP's conduct, the basis for federal climate policy, and the government's handling of the records of a departed administration.

19. FOIA required NARA to determine within 20 working days whether it would comply with each request and to state the reasons for its determination. § 552(a)(6)(A)(i).

20. A timely determination requires more than an acknowledgment. The agency must gather and review the records, identify what it will produce and withhold, explain any withholding, and notify the requester of its appeal rights. *CREW*, 711 F.3d at 188.

21. Crediting NARA's tolling of the August 12 request from August 14 through PTF's August 17 response, the determination on that request was due by September 14, 2026. The determination on the August 21 request was due by September 21, 2026. § 552(a)(6)(A)(i). NARA invoked no extension under § 552(a)(6)(B)(i) on either request.

22. NARA has not stated whether it will comply with either request. It has not identified the records it will produce or withhold, explained any withholding, or notified PTF of appeal rights. *CREW*, 711 F.3d at 188.

23. FOIA authorizes this Court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." § 552(a)(4)(B). The Court may use its equitable powers "to require the agency to process documents according to a court-imposed timeline." *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014).

## COUNT I
## VIOLATIONS OF THE FREEDOM OF INFORMATION ACT

24. PTF incorporates the preceding allegations.

25. PTF submitted two FOIA requests that reasonably described the records sought. NARA received each request at the address it designates for that purpose.

26. NARA violated FOIA by failing to make timely determinations and by withholding responsive agency records. §§ 552(a)(3)(A), (a)(6)(A)(i).

27. PTF has constructively exhausted its administrative remedies. § 552(a)(6)(C)(i); *CREW*, 711 F.3d at 190.

28. PTF is entitled to relief under § 552(a)(4)(B).

## PRAYER FOR RELIEF

Power the Future respectfully requests that the Court:

A. Retain jurisdiction until NARA complies with FOIA and the Court's orders;

B. Declare that NARA violated FOIA by failing to make timely

determinations and by withholding responsive agency records;

C. Declare that NARA must disclose all nonexempt agency records responsive to the two requests;

D. Order NARA to conduct adequate searches, including of the classified holdings PTF asked it to search and of its operational transfer and accession records, and to produce all nonexempt responsive records according to a schedule containing dates certain, with periodic status reports until production is complete;

E. Order NARA to identify, by transfer or accession number, series, and date, every transfer of OSTP or USGCRP records it received from OSTP on or about May 1, 2026 or at any other time, the custodial status of each, and the agency that holds legal custody of each;

F. Award PTF reasonable attorney fees and costs under § 552(a)(4)(E); and

G. Grant any other just and proper relief.

Dated: September 28, 2026

POWER THE FUTURE
By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com