UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER THE FUTURE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. NATIONAL ARCHIVES & RECORDS ADMINISTRATION,<br><br>Defendant. | Civil Action No. 26-3390 (BAH) |

# ANSWER

Defendant U.S. National Archives & Records Administration ("Defendant" or "NARA") respectfully submits this Answer to the Complaint (ECF No. 1) of Plaintiff Power the Future. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including those related to Plaintiff's entitlement to the relief sought, that are not specifically admitted to or otherwise qualified in this Answer.

The Complaint includes an un-numbered paragraph identifying the parties and characterizing Plaintiff's suit, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations, including any allegation that Plaintiff is entitled to the relief requested. Defendant responds to remainder of the Complaint in like-numbered paragraphs as follows:

1. This paragraph consists of Plaintiff's characterization of the action, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations, including any allegation that Plaintiff is entitled to the relief requested.

2. Defendant admits that NARA received Plaintiff's first request on August 12, 2026, that it received the second request on August 21, 2026, and that as of the date of the Complaint, NARA had not issued a final response or produced any responsive documents. Defendant denies that NARA has not assigned either request a tracking number.

3. This paragraph consists of Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations, including any allegation that Plaintiff is entitled to the relief requested.

## PARTIES[1]

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5. Defendant admits that NARA is an agency of the federal government. The remainder of this paragraph consists of legal conclusions to which no response is required.

## JURISDICTION AND VENUE

6. This paragraph states a legal conclusion to which no response is required. To the extent a response is required Defendant admits only that this Court has jurisdiction subject to the terms and limitations of the FOIA.

[1] For ease of reference, Defendant reproduces here the headings contained in the Complaint. To the extent these headings could be construed to contain factual allegations, those allegations are denied.

7. This paragraph consists of Plaintiff's legal conclusions regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this judicial district for actions brought under the FOIA.

8. This paragraph consists of Plaintiff's legal conclusions concerning exhaustion of administrative remedies, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

## PLAINTIFF'S FOIA REQUESTS

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Defendant admits that on April 12, 2026, Plaintiff submitted a FOIA request to NARA. Defendant respectfully refers the Court to the referenced request for a true and accurate statement of its contents and denies any allegations inconsistent therewith. Defendant denies that it never assigned the request a tracking number.

11. Defendant admits that it sent Plaintiff an email on August 14, 2026. Defendant respectfully refers the Court to the referenced email for a true and accurate statement of its contents and denies any allegations inconsistent therewith.

12. Defendant admits that Plaintiff sent it an email on August 17, 2026. Defendant respectfully refers the Court to that email for a true and accurate statement of its contents and denies any allegations inconsistent therewith. Defendant admits that as of the date of the Complaint, NARA had not responded to the email.

13. To the extent this paragraph consists of Plaintiff's conclusions of law, no response is required; to the extent a response is deemed required, Defendant denies the allegations. To the

extent this paragraph advances factual allegations, Defendant lacks knowledge or information sufficient to form a belief about the truth of those allegations.

14. Defendant admits that it has had physical custody of some Biden-era OSTP records since May 2026. Defendant denies that as of the date of the Complaint, it had not searched any Biden-era OSTP records. Defendant avers that, as of the date of the Complaint, NARA had not yet accepted legal custody of unclassified Biden-era OSTP records. Defendant further avers that, as of the date of this filing, NARA has accepted legal custody of the unclassified OSTP records transferred to it in May 2026 and is processing Plaintiff's FOIA requests. With respect to allegations related to OSTP's communications with Plaintiff, Defendant lacks knowledge or information sufficient to form a belief about the truth of those allegations. The remainder of this paragraph consists of Plaintiff's argumentative inferences and conclusions of law, not factual allegations to which a response is required.

15. Defendant admits that on August 21, 2026, Plaintiff submitted a second request to NARA. Defendant respectfully refers the Court to the request for a true and accurate representation of its contents and denies any allegations inconsistent therewith.

16. Defendant admits that as of the date of the Complaint, NARA had not communicated with Plaintiff about the referenced request. Defendant denies that NARA has not assigned the request a tracking number or responded to the request in any way.

17. This paragraph consists of a characterization of Plaintiff's August 21, 2026 FOIA request. Defendant respectfully refers the Court to the referenced request for a true and accurate representation of its contents and denies any allegations inconsistent therewith.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19. This paragraph consists of Plaintiff's conclusions of law, not factual allegations to which a response is required. To the extent a response is deemed required, Defendant denies the allegations.

20. This paragraph consists of Plaintiff's conclusions of law, not factual allegations to which a response is required. To the extent a response is deemed required, Defendant denies the allegations.

21. This paragraph consists of Plaintiff's conclusions of law, not factual allegations to which a response is required. To the extent a response is deemed required, Defendant denies the allegations.

22. Admit that as of the date of the Complaint, NARA had not issued a final response or notified Plaintiff of its appeal rights. To the extent this paragraph states legal conclusions, no response is required; to the extent a response is deemed required, Defendant denies any such allegations.

23. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the Freedom of Information Act and denies any allegations inconsistent therewith.

**<u>COUNT I</u>**

24. Defendant incorporates by reference its responses from the preceding paragraphs.

25. Defendant admits only that NARA received each request at an appropriate address. The remainder of this paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

26. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

27. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

28. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

The remainder of Plaintiff's Complaint consists of a demand for relief, to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief. Defendant expressly denies all allegations in Plaintiff's complaint not expressly admitted or denied.

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiffs as a matter of law.

1. Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

2. Plaintiff's Freedom of Information Act requests are improper to the extent they do not reasonably describe the records sought as required by 5 U.S.C. § 552(a)(3)(A), or present an unduly burdensome effort of review, redaction, and production for Defendant.

3. NARA has exercised due diligence in processing Plaintiff's FOIA requests, and exceptional circumstances exist necessitating additional time for NARA to continue its processing of Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

4. The Court lacks subject matter jurisdiction over Plaintiff's Freedom of Information Act request to the extent Plaintiff seeks to impose obligations or obtain relief that exceed what is authorized under the Freedom of Information Act. 5 U.S.C. § 552.

5. Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

6. The FOIA does not require Defendant to search for, process, or produce records that were not created or obtained by Defendant or where not under Defendant's control at the time of the FOIA request. *See Dep't of Just. v. Tax Analysts*, 492 U.S. 136 (1989).

Dated: November 20, 2026
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s/ Andrew J. Vaden*
ANDREW J. VADEN
Assistant United States Attorney
D.C. Bar #1044860
601 D Street, NW
Washington, DC 20530
(202) 252-2437

*Attorneys for the United States of America*